**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SPACE GATEWAY SUPPORT,**

          **Plaintiff,**

-vs-                                    **Case No. 6:04-cv-1823-Orl-31KRS**

**JOHN PRIETH,**

          **Defendant.**

_____

# ORDER

The Plaintiff, Space Gateway Support, LLC ("SGS") brought suit to enforce the terms of an employee welfare benefit plan under the provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA"), alleging that the Defendant, John Prieth ("Prieth"), has failed to turn over funds to which SGS is entitled. This matter comes before the Court on Prieth's Motion to Dismiss SGS' Amended Complaint (Doc. 21),[1] and SGS' Response (Doc. 19).

**I.  Background**

    A. The Parties

SGS established and maintains an employee welfare benefit plan, entitled the Space Gateway Support, Inc. and Associated Companies Employee Health Benefit Plan (the "Plan"), for its employees and their eligible dependants. SGS exercises discretion and authority over, and is a fiduciary of, the Plan. Prieth was a participant in the Plan.

---

[1] The Plaintiff's Amended Complaint appears at Doc. 18.

B. History

On April 17, 2003, Prieth sustained injuries in an automobile accident. As a result of that accident, the Plan provided Prieth with benefits in the amount of $135,139.47.

The Plan contains terms which provide that if a person covered under the Plan ("Covered Person") incurs

> medical or dental charges due to injuries or illnesses which may be caused by the act or omission of another party or another party may be responsible for payment, in such circumstances, the Covered Person may have a claim against that other party, or insurer, for payment of the medical or dental charges. Accepting benefits under this Plan for those incurred medical or dental expenses automatically assigns to this Plan any rights the Covered Person may have to recover payments from any other party or insurer. This subrogation right allows this Plan to pursue any claim which the Covered Person has against any other party, or insurer, whether or not the Covered Person chooses to pursue that claim. . . . [T]his Plan has a first priority lien on any amount recovered by the Covered Person whether or not designated as payment for medical expenses. This first priority lien shall remain in effect until this Plan is repaid in full.
>
> The Covered Person:
> (1) Automatically assigns to this Plan his or her rights against any other party or insurer when this provision applies; and
> (2) Must repay to this Plan the benefits paid on his or her behalf out of the recovery made from the other party or insurer.
>
> The Covered Person agrees to recognize this Plan's first priority right to subrogation and reimbursement. These rights provide this Plan with a first priority with respect to any funds paid by another party to a Covered Person relative to the injury or illness, even if the Covered Person is only partially compensated for all losses.

(Doc. 18, Ex. A).

Prieth settled his personal injury claim for $100,000 (the "Settlement Proceeds"). He is in possession of at least a portion of the Settlement Proceeds, and has refused to turn over those funds to the Plan.

### C. Claims and Arguments

SGS asserts two claims against Prieth. In Count 1, SGS alleges that Prieth's failure to turn over the Settlement Proceeds violates the terms of the Plan and ERISA. Thus, SGS seeks equitable restitution in the form of a constructive trust on that portion of the Settlement Proceeds in Prieth's possession, as well as an equitable lien on any property or account into which the Settlement Proceeds have been converted. In Count 2, SGS alleges that Prieth accepted benefits from the Plan, the payment of those benefits was conditioned on Prieth's agreement to reimburse the Plan if he received a recovery, and Prieth refuses to reimburse the Plan. SGS thus asserts that Prieth has been unjustly enriched in the amount of $100,000, and seeks a judgment in that amount.

Prieth argues that SGS' Amended Complaint is deficient for several reasons. First, as to Count 1, he argues that SGS fails to specifically identify property from which a judgment could be obtained, and thus fails to state a cause of action. Second, as to Count 2, Prieth asserts that the common law remedy of unjust enrichment is not an appropriate cause of action under ERISA.

## II.     Standard of Review

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will take the complaint's allegations as admitted by the Defendant and will liberally construe them in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The Court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In ruling on a motion to dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules require only that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief." *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id*. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food and Comm'l Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989).

**III.    Legal Analysis**

*A. Whether SGS has Stated a Cause of Action for Equitable Relief under 29 U.S.C. § 1132(a)(3)*

ERISA section 1132(a) ("Civil enforcement") provides that

A civil action may be brought –
. . .
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms

>> of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

29 U.S.C. § 1132(a)(3).[2] The Supreme Court has made it clear that the term "equitable relief" "must refer to those categories of relief that were typically available in equity." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (internal citation and quotation omitted). Further, "not all relief falling under the rubric of restitution is available in equity." *Id*. at 213. Restitution is considered a legal remedy (a remedy at law) in cases where a plaintiff cannot assert title or right to possession of particular property, but can still show just cause for recovering money to pay for some benefit the plaintiff had conferred upon the defendant, because in such cases the plaintiff seeks to "obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money."[3] *Id*. (internal citation and quotation omitted). In contrast, "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant but to restore to the plaintiff particular funds or property in the defendant's possession." *Id*. at 214. In that case, the Supreme Court found that a claim that the plaintiffs were contractually entitled to some funds (as opposed to particular funds) for benefits they had conferred on the defendant was a claim for legal, not equitable, restitution, which claim was not authorized under ERISA section 502(a)(3). *Id*. at 214, 218.

---

[2] 29 U.S.C. § 1132(a) is also referred to as "ERISA section 502(a)."

[3] "[W]here the property sought to be recovered or its proceeds have been dissipated so that no product remains, the plaintiff's claim is only that of a general creditor, and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the defendant." *Great-West*, 534 U.S. at 213-14 (internal citations, quotations and punctuation omitted).

A majority of the Circuit Courts, and a number of District Courts within the Eleventh Circuit, have found that where a plaintiff's requested relief for reimbursement under ERISA section 502(a)(3) does not seek to impose personal liability, but instead seeks relief (such as a constructive trust) against specifically identifiable funds, such relief is equitable in nature and therefore permitted under section 502(a)(3).[4]  *See Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 358 (5th Cir. 2003); *Admin. Comm. of Wal-Mart Stores, Inc. Associates' Health & Welfare Plan v. Varco*, 338 F.3d 680, 687-88 (7th Cir. 2003); *N. Am. Coal Corp. v. Roth*, 395 F.3d 916, 917 (8th Cir. 2005) (plaintiff stated claim under 29 U.S.C. § 1132(a)(3), and it was proper for district court to impose constructive trust over overpaid benefits, permanently enjoin defendants from disposing of or transferring funds still in their possession, and require return of funds and tracing of funds no longer in defendants' possession); *Admin. Comm. of Wal-Mart Stores, Inc. Associates' Health & Welfare Plan v.*

---

[4] In what appears to be the minority view, the Sixth and Ninth Circuits have held that reimbursement claims similar to the one here are actions at law and thus not available under 29 U.S.C. § 1132(a)(3). *Qualchoice, Inc. v. Rowland*, 367 F.3d 638, 650 (6th Cir. 2004) (plaintiff's action seeking restitution, constructive trust or an equitable lien was "a legal one seeking to recover money for [the defendant's] breach of the plan's reimbursement provision, regardless of whether [the defendant] possess[ed] an identifiable fund."); *Westaff (USA) Inc. v. Arce*, 298 F.3d 1164, (9th Cir. 2002) (action seeking declaratory judgment that funds in escrow belonged to administrator of plan and seeking specific performance of reimbursement obligation sought "to enforce a contractual obligation for the payment of money, a classic action at law and not an equitable claim;" despite the fact that funds were specifically identifiable, action was for money damages and thus was not equitable action). However, according to the Fifth Circuit, such decisions appear to depart from the Supreme Court's holding in *Great-West* and are a "more restrictive view of the scope of 'appropriate equitable relief' under § 502(a)(3)." *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 358 n.43 (5th Cir. 2003); *see also Admin. Comm. of Wal-Mart Stores, Inc. Associates' Health & Welfare Plan v. Willard*, 393 F.3d 1119, 1125 (10th Cir. 2004) (declining to follow restrictive view adopted by Ninth Circuit, and refusing to read section 502(a)(3) as proscribing all forms of relief).  This Court will follow the majority view as embraced by the Fifth, Seventh, Eighth and Tenth Circuits.

*Willard*, 393 F.3d 1119, 1120, 1125 (10th Cir. 2004) (reimbursement action seeking injunction, declaration of rights, constructive trust and equitable restitution was equitable restitution claim as described in *Great-West*, even though defendant never had disputed funds in his possession); *Onofrieti v. Metro. Life Ins. Co.*, 320 F. Supp. 2d 1250, 1256 (M.D. Fla. 2004); *B.P. Amoco Corp. v. Connell*, 320 F. Supp. 2d 1368, 1371-72 (M.D. Ga. 2004).

The Fifth Circuit has outlined a three-part inquiry to determine whether the requested relief is equitable: "Does the [p]lan seek to recover funds (1) that are specifically identifiable, (2) that belong in good conscience to the [p]lan, and (3) that are within the possession and control of the defendant beneficiary?" *Bombardier*, 354 F.3d at 356.  In the instant case, construing the allegations of the complaint in the light most favorable to the plaintiff, SGS has alleged facts supporting each of these elements.  As to the first and third elements, SGS has alleged that Prieth settled a personal injury claim for $100,000, he is "in possession of at least a portion of the settlement proceeds," and that SGS is entitled to a constructive trust with respect to the settlement funds in Prieth's possession. (Doc. 18 at 3).  As to the second element, SGS has described the relevant reimbursement provision, and has alleged that: (1) Prieth has received payments from a third party; (2) Prieth refused to run over certain funds; and (3) Prieth's "refusal to turn over the funds violates the terms of the Plan and ERISA." (*Id*.).  At this stage, the pleading requirements of Federal Rule of Civil Procedure 8(a) do not require more.  Accordingly, the Court finds that SGS has made sufficient allegations to state a claim for which relief may be granted for equitable relief under ERISA section 503(a), and thus Prieth's Motion to Dismiss Count 1 will be denied.

*B. Federal Common Law Claim for Unjust Enrichment Under ERISA*

A number of Circuit Courts have indicated that it is inappropriate to create a federal common law remedy of unjust enrichment in actions brought under ERISA. *See Coop. Benefit Adm'rs, Inc. v. Ogden*, 367 F.3d 323, 335 (5th Cir. 2004) (in reimbursement case, it was error for district court to recognize federal common law right of unjust enrichment on behalf of plan administrator; text of section 502(a)(3) makes clear that Congress chose to proscribe such a legal remedy, and because text of statute addresses the issue, there is no gap in the text that would warrant application of federal common law); *Qualchoice*, 367 F.3d at 642 ("[T]here is no federal question subject matter jurisdiction in an action by a plan fiduciary seeking civil enforcement of the terms of an ERISA plan, unless ERISA specifically authorizes the suit."); *Pacificare Inc. v. Martin*, 34 F.3d 834, 836 (9th Cir. 1994) (federal common law cause of action for reimbursement did not invoke one of the specific remedies listed in 29 U.S.C. § 1132, and thus failed to state a cause of action permissible under ERISA).

The Fourth Circuit, however, has determined, in the context of a reimbursement case similar to the instant case, that "fashioning a federal common law rule of unjust enrichment is appropriate" based on, *inter alia*, the circumstances of the case, the plan contract, and the statutory policies of ERISA. *Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985, 993 (4th Cir. 1990). District Courts in the Eleventh Circuit have followed this lead in permitting common law actions for unjust enrichment in cases brought under ERISA. *See Fick v. Metropolitan Life Ins. Co.*, 347 F. Supp. 2d 1271 (S.D. Fla. 2004); *UNUM Life Ins. Co. of Am. v. O'Brien*, 2004 WL 2283559 (M.D. Fla. October 4, 2004); *Hercules Inc. v. Pages*, 814 F. Supp. 79 (M.D. Fla. 1993).

The Eleventh Circuit has not ruled on this particular issue, but has indicated an unwillingness to extend the remedies provided for in ERISA. In *Sanson v. Gen. Motors Corp.*, 966 F.2d 618 (11th Cir. 1992), the Eleventh Circuit noted that the "six carefully integrated civil enforcement provisions found in [ERISA section 502(a)] . . . provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot [or decided not] to incorporate expressly." *Id*. at 622 (*citing Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)). Then, after noting that the Eleventh Circuit followed the restrictive interpretation of section 502(a) and had "reaffirmed the interpretation that § 502 defines the specific circumstances upon which one may be granted legal or equitable relief," the court found that a district court had not abused its discretion in refusing to permit a plaintiff to amend its complaint to state a cause of action for a federal common law fraud claim under ERISA. *Id*. at 622-23 (*citing McRae v. Seafarers' Welfare Plan*, 920 F.2d 819 (11th Cir. 1991); *First Nat'l Life Ins. Co. v. Sunshine-Jr. Food Stores, Inc.*, 960 F.2d 1546 (11th Cir. 1992)).

Following the Eleventh Circuit's restrictive interpretation of the availability of federal common law remedies under ERISA, as well as those Circuits finding it inappropriate to create a federal common law remedy of unjust enrichment in ERISA cases, the Court finds that the remedy of unjust relief is not appropriate in this case. Declining to recognize a claim for unjust enrichment will not frustrate the policies of ERISA because the Court has already recognized that SGS has a claim for equitable relief under the statute.[5] An unjust enrichment claim would be

---

[5] In drafting ERISA, Congress evidenced a "desire to ensure that plan funds are administered equitably and that no one party, not even plan beneficiaries, should unjustly profit." *Waller*, 906 F.2d at 993.

duplicative of the relief SGS seeks in Count 1, because in both counts SGS seeks a return of the benefits it paid out. Accordingly, Prieth's Motion to Dismiss Count 2 will be granted.

**IV.     Conclusion**

SGS has alleged sufficient facts to state a cause of action for equitable relief under 29 U.S.C. section 1132(a)(3). However, the Court declines to recognize a federal common law cause of action for unjust enrichment for claims brought under ERISA. Accordingly, it is

**ORDERED THAT** Prieth's Motion to Dismiss is DENIED as to Count 1, and GRANTED as to Count 2.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 25, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party